UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

      v.                                1:15-cr-

MUSTAFA HASSAN ARIF

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### General Allegations

At all times material to this Indictment:

1. The United States Food and Drug Administration ("FDA") was the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Section 301, et seq. ("FDCA").  One purpose of the FDCA was to ensure that drugs sold for consumption and administration to humans in the United States were safe, effective, and bore labeling containing only true and accurate information.  The FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of drugs shipped or received in interstate commerce.

2. Under the FDCA, "drug" meant "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; . . . and . . . articles (other than food) intended to affect the structure or any function of the body of man or other animals . . . "  Title 21, United States Code, Section 321(g)(1).

3. Under the FDCA, a drug was misbranded if its labeling was "false or misleading in any particular." Title 21, United States Code, Section 352(a). The FDCA defined "labeling" as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." Title 21, United States Code, Section 321(m).

4. The FDCA prohibited the introduction or delivery for introduction, or causing the introduction or delivery for introduction, into interstate commerce of any drug that was misbranded. Title 21, United States Code, Section 331(a).

5. The defendant, Mustafa Hassan Arif ("ARIF"), operating from Lahore, Pakistan and elsewhere, caused the creation and maintenance of over 900 websites that promoted the sale of drugs claiming to cure, mitigate, and treat numerous diseases, including Alzheimer's disease, asthma, various forms of anemia, and many other diseases. The websites created and maintained by ARIF included, among others, Anemia-tab.net, Vertigo-tab.net, and Preleton.com, which were hosted on servers located outside of Pakistan, where ARIF was located, and outside of New Hampshire, but which were accessed by computers with internet access in New Hampshire and elsewhere.

6. To induce consumers to purchase drugs offered for sale by these websites, defendant ARIF caused these websites, which constituted "labeling" under Title 21, United States Code, Section 321(m) for those drugs, to contain materially false, misleading, and fraudulent claims about the drugs, including but not limited to the following:

a. that the drug Anemia Tab, sold via the website Anemia-tab.net for the treatment of pernicious anemia, sickle cell anemia, iron deficiency anemia, and aplastic anemia, was clinically proven as effective to treat anemia, when in fact the research papers referenced on the website and purporting to support the use of Anemia Tab for the treatment of anemia were falsified;

b. that the drug Vertigo Tab, sold via the website Vertigo-tab.net for the treatment of vertigo, was clinically proven as effective to treat vertigo, when in fact the research paper referenced on the website and purporting to support the use of Vertigo Tab for the treatment of vertigo was falsified;

c. that clinical research conducted for the drug Preleton, sold via the website Preleton.com for the treatment of prickly heat (also known as Miliaria), and other drugs sold to treat a variety of diseases, including Abdominal Adhesions and Attention Deficit Disorder (ADD), demonstrated that the drugs were effective and caused no side effects, when in fact the results of the purported clinical research were falsified and were identical for each of the different drugs.

## COUNT ONE

(18 U.S.C. §§ 1343 and 2; Wire Fraud and Aiding and Abetting Wire Fraud)

7. Paragraphs 1 through 6 of the General Allegations are incorporated by reference as though re-alleged in their entirety herein.

8. At various times in or about January 2007 through at least in or about January 2014, in the District of New Hampshire and elsewhere, the defendant, ARIF, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, namely, customer orders for drugs made over the internet through websites created and maintained by and on behalf of the defendant ARIF, as described in paragraphs 1 through 6 above, for the purpose of executing such scheme and artifice.

All in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNTS TWO and THREE

(21 U.S.C. §§ 331(a), 333(a)(2), and 352(a);
Shipment of Misbranded Drugs in Interstate Commerce)

9. Paragraphs 1 through 6 of the General Allegations are incorporated by reference as though re-alleged in their entirety herein.

10. On or about the dates listed below, in the District of New Hampshire and elsewhere, the defendant ARIF, with intent to defraud and mislead, did introduce and deliver, and cause to be introduced and delivered, for introduction into interstate commerce drugs that were misbranded within the meaning of Title 21, United States Code, Section 352(a) in that their labeling was false and misleading, as charged in the individual counts below:

| COUNT | DATE | INTRODUCTION INTO INTERSTATE COMMERCE |
|---|---|---|
| 2 | May 2010 | Shipment of Anemia Tab from Lahore, Pakistan, to New Hampshire |
| 3 | August 2010 | Shipment of Preleton from Lahore, Pakistan, to New Hampshire |

All in violation of Title 21, United States Code, Sections 331(a), 333(a)(2) and 352(a).

## NOTICE OF CRIMINAL FORFEITURE

### A.  **FORFEITABLE PROPERTY**

The allegations of Count One of this Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.  Upon conviction of Count One, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the charged violation of 18 U.S.C. § 1343.

### B.  **MONEY JUDGMENT**

A sum of money equivalent to the amount of proceeds obtained as a result of the charged violation of 18 U.S.C. § 1343.

### C.  **SUBSTITUTE ASSETS**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and Rule 32.2(a), Federal Rules of Criminal Procedure.

Dated: April 8, 2015

               TRUE BILL

               /s/ Foreperson
               Grand Jury Foreperson

John P. Kacavas
United States Attorney

By: /s/ Arnold H. Huftalen
  Arnold H. Huftalen
  Assistant U. S. Attorney
  District of New Hampshire

  /s/ Sarah Hawkins
  Sarah Hawkins
  Senior Counsel
  Office of Chief Counsel
  U.S. Food and Drug Administration